IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLORIA MARIA MONTOYA SANTIAGO-RAMIREZ, <br><br> Plaintiff, <br><br> v. <br><br> BROOK BROTHERS GARMENT MANUFACTURING, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 25-608 (MN) |

## **MEMORANDUM OPINION**

Gloria Maria Montoya Santiago-Ramirez – *Pro Se* Plaintiff

June 27, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On May 16, 2025, Plaintiff Gloria Maria Montoya Santiago-Ramirez initiated this action *pro se*, alleging civil claims against Defendants who have been identified as Brooks Brothers Garment Manufacturing, Goya Foods Worldwide Manufacturing, Wolf Gang Puck Manufacturing, and Cheesecake Factory Production Bakery. (*See* D.I. 2). Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 9). The Court proceeds to review and screen the Complaint (D.I. 2), pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I.    BACKGROUND

The Complaint is difficult to follow. It begins by introducing Plaintiff and discussing her past work experience, but it is not apparent from the allegations that Plaintiff has ever worked for any of the Defendants. (D.I. 2 at 3). It is equally unclear how Plaintiff was harmed by Defendants, what injuries she sustained from this harm, and what relief she now seeks for these injuries. (*Id.* at 3-4). The final page of the Complaint states, "Plaintiff is—stranded—zero income—eager to return to work immediately," followed by additional information that is difficult to both read and follow but may pertain to Plaintiff's desired industry of employment or employee health benefits. (*Id.* at 5). The documents submitted in support of the Complaint include a copy of Plaintiff's City of Philadelphia identification card, various unrelated business cards, and some informational materials from banks, credit unions, credit card providers, and rental properties. (*See* D.I. 2-1).

## II.   DISCUSSION

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see*

1

*also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). When a plaintiff proceeds *pro se*, the pleading is liberally construed, and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 787

(3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The Complaint asserts that this case presents a federal question (*see* D.I. 2 at 2), but this Court has "limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This Court must dismiss an action any time it determines subject matter jurisdiction is lacking. *See* FED. R. CIV. P. 12(h)(3). Holding the *pro se* Complaint to a less stringent standard than formal pleadings drafted by lawyers, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), no substantial federal question can be discerned from the Complaint for jurisdictional purposes, *see Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015) (discussing difference between failing to state a claim for relief on the merits and raising "wholly insubstantial and frivolous" claims that fail even to raise a substantial federal question). Plaintiff's pleading merely establishes that, despite prior work experience, Plaintiff is currently unemployed, and she has a genuine interest in obtaining employment, which does not amount to any actionable federal claim. Accordingly, the Complaint must be dismissed without prejudice for lack of subject matter jurisdiction.

Even if this Court had subject matter jurisdiction in this case, the Complaint would still be dismissed based on frivolity and failure to state a claim upon which this Court can grant relief, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915(e)(2)(B)(ii). To the extent that Plaintiff seeks employment with one or more of the Defendants by way of this suit, that is not something this Court can order, short of Plaintiff alleging workplace discrimination warranting reinstatement of

prior employment. A claim of this nature must be accompanied by a copy of an administrative complaint, filed with the Equal Employment Opportunity Commission or a state-level Department of Labor, and a copy of a notice-of-right-to-sue issued by the administrative agency for Plaintiff's claims. Nothing Plaintiff has submitted in this case indicates that Plaintiff either intends to pursue, or can show, such a claim. (*See* D.I. 2, 2-1, 4, 7, 8). In light of the disjointed and difficult-to-follow allegations in the Complaint, the documents submitted in support that have no apparent relation to Plaintiff's claims, and Plaintiff's recent history of five similar filings with this Court, which have sued a wide range of parties including the Federal Bureau of Investigation, the State of Delaware, Pfizer Pharmaceutical, and the Embassy of Ghana, the Court also concludes that the Complaint is frivolous. The Complaint will be dismissed, and this case will be closed, as amendment is futile.

### III.    CONCLUSION

For the above reasons, the Court will dismiss the Complaint (D.I. 2). An appropriate Order will be entered.